## INTERSTATE ELECTRIC CO. v. ROBERTS–CHRISTIAN ELECTRIC CO. et al.

### No. 3197.

Court of Civil Appeals of Texas. El Paso.
May 2, 1935.

J. H. Synnott and Hatchell & Campbell, all of Longview, and W. M. Futch, of Henderson, for appellant.

T. A. Bath, of Henderson, for appellees.

HIGGINS, Justice.

This is a suit by the appellant, a Louisiana corporation engaged in business at Shreveport, against Roberts-Christian Electric Company and C. O. Christian, to recover a balance of $1,152.52 alleged to be due by said company upon a verified open account for goods, wares, and merchandise sold and delivered to it. As to $432.22 of said amount, it was alleged that Christian was also liable as an original obligor, for which amount judgment was sought against both defendants.

Judgment by default was rendered against the company for the amount sued for. An instructed verdict was returned in favor of Christian, and judgment rendered accordingly.

 Christian pleaded accord and satisfaction and in support of such plea offered in evidence his personal check for $200 in favor of plaintiff bearing this notation in the corner: "Full for purchases made by Roberts-Christian Elec. Co. stood good for by me to date," which check was received by plaintiff through the mail and cashed by it. No other evidence was offered in support of the plea.

The debt sued for is a liquidated demand, and no evidence was offered of any dispute concerning Christian's liability for all of the said sum of $432.22 at the time said check was tendered and accepted by plaintiff. The mere payment and acceptance of a sum of money less than is due upon an undisputed debt, in full satisfaction of such debt, does not, for want of consideration, constitute a valid accord and satisfaction.

1 Tex. Jur., Accord and Satisfaction, § 13.

In the state of the evidence, a valid accord and satisfaction was not shown.

However, the appellant makes no point in that connection, but does complain of rulings upon evidence which constitute reversible error.

 The evidence shows that, in addition to the account sued upon, the plaintiff had another account upon its books against the Roberts-Christian Electric Company for which Christian was personally liable, amounting to about $200. This account was carried on appellant's books as a separate and special account at the request of Christian. It was for material used in a particular job of work done by defendant company.

C. C. Colquette, an employee of the appellant, handled the $200 check and applied it to the payment of the special

account. The court refused to permit the witness to testify as to the contents of a letter which he wrote Christian concerning the application of the payment. We will not undertake to detail the excluded testimony. Suffice it to say it was sufficient to show that the check was applied to the payment of the special account only, and that Christian acquiesced therein.

The witness was not permitted to testify to the contents of the letter because the letter itself was the best evidence of its contents, and demand for the same was not made until the trial. This objection was not well taken for two reasons:

1. The plea of accord and satisfaction was first made in an amended answer filed upon the day of trial. Not until this plea was filed was there any occasion for plaintiff to demand production of the original letter as a predicate to offer secondary evidence of its contents.

2. Secondary evidence of the contents of the letter was also admissible under the rule stated in 17 Tex. Jur., title, Evidence, § 193, as follows: "A notice to produce a writing may be excused, however, where from the nature of the proceeding, the pleadings, and the like, knowledge by the other party of the fact that the instrument will be required will be presumed, and in such cases a failure to produce it will, without notice, enable the proponent to introduce other evidence of its contents."

Christian must have known that appellant would rely upon this letter to defeat his plea.

Testimony of the witness that the payment was applied upon the special account was also excluded upon the objection that the books themselves were the best evidence of the application made.

The rule that books of account are the best evidence of what they show does not operate to exclude parol evidence of a witness whose testimony is based upon his personal knowledge independent of the books. The witness Colquette had such knowledge, and his testimony as to such application should have been received. 17 Tex. Jur. § 201, at page 508; 22 C. J. § 1240, at page 990, and Texas cases cited in note 50. Smith v. First Nat. Bank, 43 Tex. Civ. App. 495, 95 S. W. 1111;

Hatzfeld v. Walsh, 55 Tex. Civ. App. 573, 120 S. W. 525.

Upon objection that it was irrelevant and immaterial, the testimony of the witnesses Wood and Greer was excluded of declarations made by Christian showing that subsequent to the giving of the $200 check he recognized his personal obligation as still existing to pay the $432.22 here involved. This testimony was material and admissible as showing Christian's acquiescence in the application by plaintiff of the $200 check upon the special account and plaintiff's refusal to accept the same as payment in full also of the obligation to pay the account here sued upon.

The court erred in excluding the testimony of the three witnesses mentioned.

Appellee calls attention to cases sustaining pleas of accord and satisfaction, where the payment is tendered upon condition that it be accepted in full satisfaction and is accepted. These cases have no present application:

1. Because the debt was a liquidated demand and there is no evidence of any dispute existing as to the personal liability of Christian for the entire demand.

2. The excluded testimony of Colquette would have shown that appellant did not in fact accept the same in full satisfaction, and such excluded testimony, together with that of Wood and Greer, would have shown that such refusal was acquiesced in and assented to by Christian.

An accord is a contract, and in order to constitute such a contract there must be a meeting of the minds of the parties. Appellant did not agree to accept the check in satisfaction of the present demand, and it should have been permitted to so show, and also show that Christian assented to such refusal, wherefore, the acceptance of the check would not bar the present suit. Under the circumstances of this case, the notation upon the check, as we view it, was insufficient alone to show that the check was tendered upon the condition only that its acceptance must be in complete satisfaction of all demands by appellant.

Other questions presented in appellant's brief relate to matters which will not arise upon retrial and need not be ruled upon.

Reversed and remanded.