### TEXAS & N. O. R. CO. v. SEARCY.

No. 4625.

Court of Civil Appeals of Texas. El Paso.

Feb. 16, 1949.

Rehearing Denied March 9, 1949.

Baker, Botts, Andrews & Parish, Houston, Kemp, Smith, Brown, Goggin & White, El Paso, Fuller & Senter, Marfa, for appellant.

J. C. Epperson, Alpine, Swearingen & Bledsoe, Marfa, for appellee.

McGILL, Justice.

This is a suit for damages arising out of of a shipment of a carload of fruits and vegetables from Los Angeles, California, to Marfa, Texas. The initial carrier was the Atchison, Topeka & Santa Fe Railway Company, which received the shipment and issued its bill of lading therefor on July 1, 1945. The car arrived in Marfa on July 10, 1945. On its arrival a large quantity of fruit and vegetables was found to be in a damaged condition. Trial to the court resulted in a judgment for appellee for $1,200 with interest from July 10, 1945, at 6% per annum.

All of appellant's points relate to proof of the damages awarded.

Plaintiff alleged that at the request of defendant's local agent he reconditioned the fruits and vegetables by sorting and repacking them and then sold them to his customers in varying quantities for the gross amount of $1,447.95. He attached to his petition Exhibit "A", being a list of sales showing date of sale, commodity, purchaser, and price received for each item. He alleged that the expenses incurred by him in sorting, repacking, storing, preserving, selling and delivering the produce was $216.64; also that by reason of the produce being not in first class condition some of it spoiled before resale by his customers, and he was forced to make refunds to the customers in the sum of $170.85. He attached to his petition Exhibit "B", being a list of such credits. He alleged that the net amount salvaged from the car was $1,060.46, and that the expenses and refunds claimed by him were reasonable. He further alleged that the fruit and vegetables had no market value in Marfa on July 10, 1945, in the damaged condition in which they arrived, but that if he were mistaken in this that such market value was $1,064.46; that had the car arrived with reasonable dispatch and with proper icing it would have had a market value of $3,022.67, and he sought damages in the sum of $1,962.21.

The court filed findings of fact in which he found that the car of fruit and vegetables had a reasonable value in Marfa at the time same should have been delivered of $2,264.46, and that there was salvaged and sold from the car fruits and vegetables of the net value of $1,064.46; that all expense incurred by plaintiff to recondition and sell same was reasonable and necessary. He concluded that this was the value of the fruit and vegetables in the condition in which they arrived, and that plaintiff was entitled to recover as damages the difference between these sums.

Appellant objected to plaintiff's testimony with reference to the purported sales that he made as shown by his Exhibit "A", on the ground that the best evidence of such sales was the sales slips, which were not introduced; also to plaintiff's testimony as to the cost of reconditioning and salvaging

368

the produce and as to refunds made to customers as shown in his Exhibit "B", because his books were the best evidence of such items, and such books were not introduced. He presents points of error complaining of the court's action in overruling such objections; also points to effect that there was no competent evidence to support the court's finding that "there was salvaged and sold from such car fruits and vegetables of the net value of $1064.46," and that "plaintiff's Exhibit 'A' gives the dates and amounts of the sales from the shipment."

and that the reasonable market value of the shipment when received was not shown by plaintiff's testimony with reference to retail sales he made to customers over a period of 10 to 15 days after receipt of the shipment.

No objection was made as to the relevancy of the testimony complained of. It was based at least in part on plaintiff's personal knowledge of the transactions involved and the rule that books of account or sales slips are the best evidence of what they show does not operate to exclude such testimony. Interstate Electric Co. v. Roberts-Christian Electric Co., Tex.Civ.App., 82 S.W.2d 1070, loc. cit. 1072(5, 6) and authorities there cited.

The point that the reasonable market value of the shipment when received was not shown by such testimony is correct as an abstract proposition of law. Rio Grande & E. P. R. Co., v. T. A. Austin & Co., Tex.Com.App., 25 S.W.2d 306.

However, it has no application to the facts of this case.

The shipment in question being interstate, liability is governed by the Interstate Commerce Act, § 20(11), 49 U.S.C.A. § 20(11), which provides that the carrier shall be liable to the holder of the bill of lading "for any loss, damage, or injury to such property" and "for the full actual loss, damage, or injury to such property" caused by it or connecting carriers. This has been held to imply that the carrier is liable for the full actual loss which means the value of the property at the point of destination at the time the delivery should have been made. Meletio Sea Food Co. v. Gordon's Transports, Mo.App. St.Louis Ct., 191 S.W.2d 983 and authorities there cited.

This may or may not be a market value. (Id.)

There is no evidence that the fruit and vegetables in the condition in which they arrived in Marfa had any market value. Plaintiff's testimony "All the produce was bad when it came in. I say that I had to repack the tomatoes, repack the peaches and everything like that before I could get it to the customers," tends strongly to show that the car as a whole had no market value in the condition in which it arrived. The only exception is the 31 crates of apples, two-thirds of which were sold for more than their market value, according to plaintiff's testimony. This is the distinction between this case and Rio Grande & E. P. R. Co. v. T. A. Austin & Co., supra. In that case there was testimony that the mustard in the damaged condition in which it arrived had a market value of 35¢ to $1 per basket on the day it was delivered to consignee. Under the facts here presented the applicable rule is that enunciated by the San Antonio Court of Civil Appeals in Texas Mexican Ry. Co. v. Slaughter, Tex.Civ. App., 122 S.W.2d 1101, 1103: "Where perishable goods arrive at destination in a damaged condition and it is shown that there is no market value for such commodities on the first day they are available for the market and that they are thereafter salvaged and sold as soon as possible, for the best price obtainable in order to minimize damages, the measure of the shipper's damage is the difference between what the market value of the commodities would have been on the date they arrived at destination if they had not been damaged, and the price for which the goods are sold. At least where this measure is used it will not be disturbed unless the carrier is able to show that he has been injured as a result of using this measure of damages. Houston E. & W. T. Ry. Co. v. Brackin, supra [Tex.Civ. App., 191 S.W. 804], Gulf, C. & S. F. Ry. Co. v. Texas Packing Co., 244 U.S. 31, 37 S.Ct. 487, 61 L.Ed. 970, 973."

The trial court properly applied the measure of damages in accordance with the above rule.

The judgment is affirmed.