## GOOCH et al. v. DAVIDSON.

### No. 6198.

Court of Civil Appeals of Texas. Amarillo.

Jan. 28, 1952.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, for appellants.

E. O. Northcutt, Amarillo, for appellee.

MARTIN, Justice.

Appellee, William S. Davidson, sued appellant, J. W. Gooch, and pleaded that appellant had agreed by parole contract to pay him $10 per hour for building a dam for appellant by the use of a dozer and/or scraper and that he performed 323½ hours work under the contract. An item of $53 for labor due was not contested. Joel M. Gooch joined in on a cross action for damages but failed to prove any damage and this issue was not submitted to the jury. Appellant answered by general denial and plead that "plaintiff agreed with defendant to construct an earthen dam at such location of such character and quality and in such a manner that said dam would be water proof and would back the water up to a desirable level at the stream."

The trial court submitted two special issues to the jury and on request of appellant submitted defendant's requested issue No. 5. There was no controversy as to there being a contract between the parties but only as to the price per hour and performance of the same. The jury, in response to the issues, found the contract rate per hour to be $10 and the number of hours said machine and men were used in the construction of the dam to be 322. In response to defendant's requested issue No. 5 the jury found that appellee did not agree with appellant to construct the dam in such a manner that it would be water proof. Upon the issues and jury answers thereto the trial court entered judgment for the appellee in the amount of $3,273 and appellant perfected his appeal alleging six points of error. These points will be discussed in their order.

■ Appellants' first point alleges that the trial court erred is not submitting to the jury an issue as to whether the plaintiff, William S. Davidson, executed the written contract introduced in evidence by the defendant J. W. Gooch. Appellant filed no pleadings in the cause asserting that his contract with the appellee was in writing and was for an agreed consideration of $8 per hour but merely sought in the trial of the cause to rebut appellee's testimony that there was an oral contract for a price of $10 per hour by introducing in evidence a written contract in the handwriting of the appellant but purportedly signed by the appellee Davenport. Appellee not only denied signing this written contract but introduced evidence through the men working for him that showed work was begun on the Gooch dam on the 13th day of June, while the contract was not dated until June 15th. He further produced a welder who testified he welded on some of appellee's machinery on the 13th day of June while the same was being used on the Gooch dam. In the above state of the record the trial court did not err in refusing to submit an issue to the jury as to whether appellee signed the purported written contract as this was not an ultimate fact issue. Rule 279, Vernon's Annotated Texas Rules of Civil Procedure; Safety Casualty Co. v. Teets, Tex.Civ.App., 195 S.W.2d 769. Appellant did not plead his purported written contract and the same was merely introduced in evidence under the general denial to impeach the appellee and to rebut appellee's testimony. Dunn v. Second National Bank of Houston, 131 Tex. 198, 113 S.W.2d 165, [15], p. 173, 115 A.L.R. 730, Com.App. Appellant's first point is overruled.

■ Appellants' second point alleges that the court erred in refusing to submit defendant's special requested issue No. 2 covering substantial performance by plaintiff. Special Issue No. 2 is as follows: "Do you find from a preponderance of the evidence that the plaintiff William S. Davidson has not substantially performed all the duties required of him by the terms of the instrument identified as defendant's Exhibit No. 2?" Defendant's Exhibit No. 2 is the purported written contract in issue under appellants' point one and, as stated, was introduced simply as an evidentiary item, and in addition the execution of this purported contract was a much disputed issue. Appellants' special issue No. 2 could not be properly submitted as based on evi-

dentiary matters and in addition it would have been error to submit the same as such issue is a comment on the weight of the evidence in that the same assumes it was a proven fact in the cause that appellee executed the purported written agreement and that it required certain duties of him. Texas Employers Ins. Ass'n v. Van Pelt, Tex.Civ.App., 83 S.W.2d 392 [4]. Appellants' second point is overruled.

■ Appellants' third point alleges error in the trial court's refusal to submit requested special issue No. 3. Requested special issue No. 3 is as follows: "Do you find from a preponderance of the evidence that the dam in question was constructed by the plaintiff in such a manner that water is not prevented from leaking through it?" The trial court refused to submit this issue but submitted defendant's requested issue No. 5 which is as follows: "(a) Do you find from a preponderance of the evidence that the plaintiff William S. Davidson agreed with the defendant J. W. Gooch to construct an earthen dam at the location in question in such a manner that said dam would be water proof?" In answer to this issue the jury replied "No." The issue was submitted exactly as pleaded by appellant. The answer of the jury to issue No. 5 dispenses with the necessity for any answer to issue No. 3 as shown herein and in effect resolves the same issue. Also, no harm could accrue to the appellant by refusal of issue No. 3 in the light of the jury's answer to issue No. 5. Rules 279 and 434, Vernon's Texas Rules of Civil Procedure; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; Blaugrund v. Gish, 142 Tex. 379, 179 S.W.2d 266. Appellants' third point is overruled.

■ Appellants' fourth point alleges error of the trial court in submitting issue No. 1 to the jury in such a manner that it unduly placed the burden of proof on the defendant Gooch to preponderate affirmatively by evidence as to the agreed price for the work. His contention is that the issue should have placed the burden on defendant to prove the contract price was not $8. Issue No. 1 is as follows:

"What rate per hour do you find from a preponderance of the evidence to be the agreed price that was to be paid the plaintiff by the defendant in this cause for the use of the men and equipment of the plaintiff in the construction of the dam?" Under the appellants' general denial, the purported written agreement, as denied by the appellee, could be introduced in evidence only as rebuttal evidence or to impeach the appellee. Under the general denial appellant must be content to put in proof of his theory and argue the same to the jury in opposition to the plaintiff's theory of the case—such evidence without pleading of the same does not raise an affirmative issue or shift the burden of proof. The plaintiff was not required to prove that the price was not $8. " * * * the burden of proof as to any issue is on the party holding the affirmative of the issue to establish the substance of his contention by the required preponderance of evidence; but not necessarily to explain or disprove the allegations of his opponent." 31 C.J.S., Evidence, § 106, p. 717; Rule 279, Vernon's Annotated Texas Rules of Civil Procedure; Salley v. Black, Sivalls & Bryson, Tex. Civ.App., 225 S.W.2d 426; see also Vol. 20, Texas Law Review, p. 38; Stine Oil & Gas Co. v. English, Tex.Civ.App., 185 S.W. 1009. Appellants' fourth point is overruled.

■ Appellants' fifth point alleges that the verdict and judgment are excessive in amount and not supported by the evidence. Appellant quotes the items shown on the books of account of appellee's workmen on the Gooch job and picked out only those items specified as "cat time." Appellee plead that "appellant agreed to pay the appellee $10 per hour for each hour that appellee used the dozer and/or the scraper." He supported this pleading by evidence of "$10 per hour per machine" and "$10 per hour per tractor." The record is not clear as to how the scrapers were powered as used on the tank work. The charge of the court does not limit the $10 per hour to caterpillar time but submitted an issue to the jury as to the agreed price to be paid "for the use of the men and

equipment of the plaintiff." If caterpillar time is totalled and added to the time the scrapers were used the total is in excess of the 322 hours as found by the jury. In this state of the record, the jury verdict cannot be disturbed as the same is supported by pleadings and evidence and is within the issue submitted by the court. Appellants' point 5 is accordingly overruled.

As to appellants' sixth point there is no evidence in the record on the issue as will require the submission of the same to the jury and since the appellant states in his brief that this point is not sufficient to require a reversal of the cause his sixth point is overruled.

The judgment of the trial court is affirmed.