**SNYDER et al. v. JOHNSON.**

No. 6268.

Court of Civil Appeals of Texas. Amarillo.

Jan. 19, 1953.

Rehearing Denied March 2, 1953.

See also Tex.Civ.App., 237 S.W.2d 740.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, King Fike, Dalhart, for appellants.

F. H. Richards, Dalhart, for appellee.

NORTHCUTT, Justice.

Appellee, Robert Earl Johnson, sued appellants, Cecil Snyder and Sam Parker, and pleaded that appellants by oral agreement contracted to construct and raise the outside and inside walls of appellee's home to roof height, including building and finishing the walls to the basement of said house. The outside walls were to be constructed of Austin stone and inside walls to be constructed of tile. Appellee alleged he agreed to pay appellants $8,989.72 for the work and materials they were to furnish in constructing the part they were to do on such building.

After a part of the work was done the appellee being dissatisfied with some of the work called such matters to the attention of appellants and asked them what they were going to do about correcting it. The appellants stated they were not going to do anything about it. At this time, appellee informed appellants he did not want them to proceed further and told them he would pay them what he owed them if they would get off the job. Appellants asked appellee what he considered he owed them. He offered them $2,700. One of the appellants told him to give them his check for that sum, which he did, and appellants accepted and cashed said check and got off the job. Up to this time no question had been raised as to the amount of the contract price.

Later, appellee brought this suit alleging that at the time of giving the $2,700 check he had overlooked a $2,000 payment that he had made to appellants, and that by such oversight he had paid appellants $810.28 more than the original contract price. Appellee brought suit to recover the overpayment of $810.28, together with several items of damage caused him by virtue of the faulty work of appellants. Several of such items of damage were those called to the attention of appellants by appellee when the $2,700 check was delivered. Some of the items of damage as alleged by appellee referred to faulty work discovered after delivery of the $2,700 check.

Appellants' answer denied the contract price was $8,989.72, and alleged the contract price was $9,898.72. The answer denied the items of overpayment and all other claims. Appellants further alleged that when appellee paid them the $2,700, and they accepted the same, it was in full settlement of all claims and demands. Appellants further alleged that the amount due them was in dispute and that the payment of $2,700 was in full settlement of all claims and was offered in accord and satisfaction of all claims that were due or that might become due under the relationship of the parties.

This case was submitted to a jury upon 40 special issues. The jury, in part, found as follows: That $8,989.72 was the original amount contracted that the appellee was to pay the appellants; that when the appellee gave the $2,700 check he included by inadvertence and mistake $810.28 more than he intended to pay as consideration under the original agreement; that when appellants received the $2,700 they knew that the appellee had paid them a total sum in excess of what he intended to pay; that it was not agreed between appellee and appellants when appellee delivered the $2,700 check that it would be in full satisfaction of all claims and controversies existing between the parties.

Judgment was rendered for appellee in the sum of $3,207.56, which sum included several of the items of damage in dispute when the $2,700 check was given and accepted. Some of the above items of damage were known to all parties at the time of delivery of the check. From this judgment appellants perfected their appeal alleging 10 points of error. Points 1, 2, 3, 4 and 6 all have reference to accord and satisfaction and settlement, and therefore will be discussed together.

Appellants' first point alleges that the trial court erred in holding there was not an accord and satisfaction of all claims and accounts existing between appellee and appel-

lants on November 11, 1948, when the $2,700 check was given. The jury found against the appellants on this matter as to what they intended at the time. It is true that appellee testified that at the time of giving the $2,700 check that he at that time intended it to be a full settlement, but the jury found that appellee paid $810.28 more than he intended to pay, and that appellants knew that fact.

█ Agreement between debtor and creditor is indispensable to an accord and satisfaction, as stated in the case of Interstate Electric Co. v. Roberts-Christian Electric Co., Tex.Civ.App., 82 S.W.2d 1070, 1072: "An accord is a contract, and in order to constitute such a contract there must be a meeting of the minds of the parties." There was not a meeting of the minds of the parties when appellee paid appellants more than he intended to pay them and appellants were aware of that fact. An accord and satisfaction does not, however, operate as a bar in regard to the matters not contemplated by the agreement. Since there were items of damage claimed by appellee that were not known to the appellee at the time of giving the $2,700 check, there could not be an accord and satisfaction of such claims of appellee as against the appellants as there could not be a meeting of the minds nor could such unknown items of damage have been contemplated by the parties. Further, as to such items, in order for there to be a waiver it is essential that a party must voluntarily and intentionally surrender a known right. Cauble v. Key, Tex.Civ.App., 256 S.W. 654. Appellants' points 1, 2, 3, 4 and 6 are overruled.

█ Appellants' points 5 and 9 will be discussed together because they both deal with the matters then known to the parties on November 11, 1948, when the settlement was attempted and the $2,700 check was given. Point 5 concerns claims for defects then known to appellee, while appellants' 9th point deals with the excessiveness of the judgment in the amount thereof exceeding $1,840.60. Appellee pleaded the original contract was for $8,989.72 and that when the appellee paid the appellants for their work he inadvertently and through error and mistake paid appellants $9,800, the same being in excess of the agreed price in the sum of $810.28. Since he intended and agreed to pay the full contract price, this would be an acknowledgment that all matters then known to the parties were being settled. This being true, the court should have granted judgment only for the $810.28, the amount of overpayment, and the items of damage then unknown to the parties, namely: $40.94 for welding frames and for glass block; $100 for installing glass blocks; $49.83 wasted frames for glass blocks; and $450 fixing the basement, plus the $390 for the use of the automobile, which appellants acknowledged they owed the appellee, all in the total sum of $1,840.-60. Appellants' points 5 and 9 are sustained.

█ From what has here been said, appellants' points 8 and 10 are overruled. Appellants' point 7 alleges error of the trial court in submitting special issue No. 5 concerning the amount of the contract price, their contention being that it placed the burden of proof upon appellants to establish the negative of the amount of $8,989.72, the amount claimed by appellee. This exact point was decided against appellants' contention here made in the case of Gooch v. Davidson, Tex.Civ.App., 245 S.W.2d 989, 991, wherein the court said: "the burden of proof as to any issue is on the party holding the affirmative of the issue to establish the substance of his contention by the required preponderance of evidence; but not necessarily to explain or disprove the allegations of his opponent." Appellants' 7th point is overruled.

For the reasons stated, the judgment of the trial court is affirmed as to the above-mentioned items totaling $1,840.60, but reversed and rendered as to the remaining portion of said judgment.