HENSHAW *v.* GUNTER *et al.*

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

John Jennings, Jr., of Knoxville, for appellants.

D. S. Beeler, of Rutledge, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

The bill herein was filed in the chancery court of Grainger county by Carl T. Henshaw, in his individual capacity and as administrator of the estate of James H. Henshaw, deceased, against the heirs at law and distributees of said deceased.

The bill charges that said James H. Henshaw, some few days before his death, while in his last illness and convinced that he would shortly die, made a gift to complainant of two promissory notes, executed by third parties, aggregating $550, and twenty-seven shares of preferred stock of Cities Service Company, without par value, and delivered the same to him. It is further charged by complainant that after his appointment as administrator of the estate of said deceased, and before he had employed an attorney, he went before the county court clerk and county judge of Grainger county for the purpose of filing an inventory of the personal assets of

the estate, and fully explained to the county judge the facts relative to the gift to him of said notes and stock by the deceased. Complainant charges he was advised by the county judge that he should include the notes and stock in his inventory, which he did, under the representation of the county judge that his rights with respect thereto would be fully protected, in the administration of said estate, by such orders and decrees as might thereafter be made. It is further charged that complainant relied upon the advice of the county judge, and was thereby induced to erroneously and mistakenly include his shares of stock and notes, given him by the deceased, in the inventory filed by him in the office of the county court clerk.

The bill further charges that thereafter complainant presented to the county court clerk his report as administrator of said estate, which was final in its nature, and that in said report he did not charge himself with said notes and stock. That, thereupon, certain of the heirs at law and distributees of said deceased, present in person, without filing any written exception to said report, insisted that complainant was not entitled to the notes and stock in question; that the county judge heard the matter and decreed that the deceased did not make a gift of said notes and stock to complainant; and he ordered that complainant account for the value of the same; that to this order and decree of the court complainant duly excepted, and prayed and was granted an appeal to the circuit court, where the matters involved are pending for trial.

Complainant avers in his bill herein that upon a trial of said matters he would be embarrassed in a court of law by reason of his having included in the inventory of

the estate these notes and stock; that he could not have the full measure of relief to which he is entitled with respect to the surcharging and falsifying of said inventory except in a court of equity; that if the case is tried in a court of law, the circuit court may be made an instrument of injustice to complainant; that all the parties in interest are not before the circuit court; that there is no sufficient pleadings in the circuit court by which an issue is made between complainant and the small number of defendants therein named as to the ownership of said notes and stock; that unless the further prosecution of the case in the circuit court be enjoined, complainant will suffer great and irreparable injury and loss.

The relief sought by the bill is (1) that complainant be allowed to surcharge and falsify his said inventory, and that the same be opened so as to eliminate therefrom said notes and stock; (2) that complainant be decreed to be the owner of said notes and stock; (3) that an injunction issue restraining the further prosecution of the suit at law, and that the proceedings and record therein be transferred to the chancery court of Grainger county.

Certain of the defendants demurred to the bill upon the following grounds: (1) That the bill will not lie to enjoin the hearing in the circuit court, appealed by complainant to this court from the county court, for the reason that the bill shows the account or settlement complained of was in its nature final, and that the circuit court having first obtained jurisdiction, and having the power to grant full relief, complainant's remedy at law is full, adequate, and complete; (2) that no grounds of estoppel are alleged against defendants, and that the mistake alleged in the bill is a mistake of law due to complainant's own laches and negligence; (3) that no facts

are alleged in the bill justifying the interposition of a court of equity in complainant's behalf; (4) that there is no equity on the face of the bill.

The chancellor overruled the demurrer and allowed an appeal to this court. The action of the chancellor in overruling the demurrer is here challenged by proper assignments of error.

In *Snodgrass* v. *Snodgrass*, 60 Tenn. (1 Baxt.), 157, this court held that as against the administrator, the inventory furnished, made out, and sworn to by him is conclusive to charge him, unless he can show that he was mistaken in the facts upon which he admitted his liability.

Complainant here, having included the notes and stock in his inventory, stood conclusively estopped from asserting that they were not a part of the estate under administration. So, on final settlement in the county court, and on appeal to the circuit court, complainant was confronted with the conclusiveness of the charge against him for the value of the notes and stock.

According to the averments of the bill, complainant was induced by the county judge to include these notes and the stock in the inventory by the representation that his rights with respect thereto would be fully protected by such orders as might thereafter be made in the administration of the estate. The demurrer, of course, admits the truth of the averments of the bill with respect to the gift of the notes and stock to complainant by the deceased, and of the mistaken inclusion thereof in the inventory by reason of the representations of the county judge. Accepting these averments as true, it is obvious that complainant is entitled to be relieved from the mistake made in the inclusion of his privately owned

property in the inventory of the assets of the estate of said deceased.

■ ■ Rectifying mistakes is the peculiar province of a court of equity. *Helm* v. *Wright*, 21 Tenn. (2 Humph.), 72. Equity will grant relief where a settlement includes items, or omits items, by mistake, accident, or fraud. Gibson's Suits in Chancery, section 940, clause 14. On like principle, equity will grant relief to an administrator who has, as the result of fraud, accident, or mistake, included in his inventory property belonging to himself.

The result is that the action of the chancellor in overruling the demurrer must be affirmed, and the costs of the appeal assessed against appellants. The cause is remanded for further proceedings.