# FILED

**Dec. 15, 1995**

**Cecil Crowson, Jr.**
Appellate Court Clerk

SHELTER INSURANCE COMPANIES,　　)
　　　　　　　　　　　　　　　　)
　　　　Plaintiff/Appellee,　　　)
　　　　　　　　　　　　　　　　)　　Maury Chancery
　　　　　　　　　　　　　　　　)　　No.  91-037/3487
VS.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)　　Appeal No.
　　　　　　　　　　　　　　　　)　　01-A-01-9507-CH-00280
SHERRIE MARIE HANN,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　Defendant/Appellant.　　　)

### IN THE COURT OF APPEALS OF TENNESSEE

### MIDDLE SECTION AT NASHVILLE

### APPEAL FROM THE CHANCERY COURT OF MAURY COUNTY

### AT COLUMBIA, TENNESSEE

### HONORABLE WILLIAM B. CAIN, JUDGE

J. Russell Parkes
HARDIN & PARKES
102 West Seventh Street
Post Office Box 692
Columbia, Tennessee  38402-0692
ATTORNEY FOR PLAINTIFF/APPELLEE

JOE BEDNARZ
Suite 1400, Parkway Towers
404 James Robertson Parkway
Nashville, Tennessee  37219
ATTORNEY FOR DEFENDANT/APPELLANT

AFFIRMED AND REMANDED

　　　　　　　　　　HENRY F. TODD
　　　　　　　　　　PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

SHELTER INSURANCE COMPANIES,  )
                                              )
        Plaintiff/Appellee,       )
                                              )      Maury Chancery
                                              )      No. 91-037/3487
VS.                             )
                                              )      Appeal No.
                                              )      01-A-01-9507-CH-00280
SHERRIE MARIE HANN,         )
                                              )
        Defendant/Appellant.    )

## O P I N I O N

The defendant, Sherrie Marie Hann, has appealed from a non-jury judgment in favor of the plaintiff, Shelter Insurance Companies for $5,000 paid to defendant by mistake. As indicated in the caption, this was a proceeding in Chancery Court.

There is no transcript of evidence. However, the record contains a brief statement of the evidence, letters and affidavits of counsel and a record of another related case in Circuit Court from which the following facts appear:

On or about November 2, 1987, Mrs. Hann and her children were in her vehicle which was struck by a vehicle operated by an uninsured motorist. Shelter Insurance Companies, Mrs. Hann's uninsured motorist insurer, paid to Mrs. Hann and her health care providers the total amount of $9,211.74 without the execution of any release by Mrs. Hann. On September 12, 1988, Shelter sent to Mr. and Mrs. Hann a check for $5,000.00, requesting that an enclosed release be executed. The check was retained and later cashed, but the release was not executed or returned to Shelter. Thereafter, Mrs. Hann retained counsel; and, on November 1, 1988, suit was filed in Circuit Court naming Mrs. Hann and children as plaintiffs and the uninsured motorist as defendant. Shelter was served with process and filed an answer. Counsel for Mrs. Hann and Shelter undertook to negotiate a settlement.

During the negotiations, the following correspondence took place:

On November 21, 1988, Shelter's counsel wrote Ms. Hann's counsel as follows:

> I represent Shelter Insurance Companies and have been forwarded suit papers in connection with the above-referenced matter. I have entered an appearance with the Court on behalf of Shelter and tentatively, also on behalf of the named Defendant, Bobby Roy Johnson, at least until we have an opportunity to investigate his situation somewhat further.
>
> My file does indicate that a tentative settlement was reached with your client and that several weeks ago a draft in the amount of $5,000 was forwarded to her, along with a trust receipt and subrogation agreement. I would appreciate your advice regarding same so we can proceed to attempt to define what issues might be involved in this case.
>
> I look forward to hearing from you further concerning the foregoing.

On January 12, 1989, Ms. Hann's counsel responded as follows:

> I'm sorry that it has taken me so long to respond to your letter of November 21, 1988. My client was confused as to what the $5,000.00 represented and did not know that the insurance company was expecting a full and final release. I am certainly interested in resolving this matter and have been authorized to settle this matter for $10,000.00. If there is any possibility of settlement, please advise.

On May 15, 1989, Shelter's counsel wrote Ms. Hann's counsel as follows:

> I have authority to settle this case for $8,000 in addition to the substantial advances heretofore made to or on behalf of your client, Mrs. Hann. If we can settle on this basis, I would like to go ahead and have a judgment entered in order to protect our subrogation interest against the defendant, although I anticipate it is essentially uncollectible. I would appreciate it if you would touch base with your client on this and give me a call to see if we can go ahead and conclude the matter.
>
> In connection with the foregoing and assuming we can reach settlement, I do need for you to return to me the check my client has previously tendered in settlement to your client in the amount of $5,000. In turn, we would provide the revised settlement draft, a final release, and Trust and Subrogation Agreement.
>
> I look forward to hearing from you.

On May 24, 1989, Ms. Hann's counsel responded as follows:

> My client has instructed me to reject your offer of $8,000.00 stated in your letter of May 15, 1989. In light of some recent problems she is having and other changes in her personal life, she is completely reevaluating her position in this case.
>
> In attempting to advise her properly, please send me a copy of all the medical records and letters which you have received concerning her condition, pursuant to our previous authorization.
>
> As soon as I have had the opportunity to review all of the medical records, I will once again make an effort to resolve this matter.

On March 13, 1990, Shelter's counsel wrote Ms. Hann's counsel as follows:

> My apologies for not contacting you earlier concerning the above-referenced matter. As you are aware, Ms. Hann has essentially minimum limits for uninsured motorist coverage, i.e., $25,000/$50,000. We have heretofore advanced payments against this coverage for medical expenses in the amount of $9,211.74 and I have otherwise extended an offer of $10,000 in order to settle the case. With this in mind, and in view of the fact that I think there is little likelihood that our subrogation claim against the uninsured defendant is of significant value, there is little incentive for us to materially increase our offer.
>
> Another problem that I have with this case involves the inconsistency between Dr. Hunter's testimony and Ms. Hann's testimony with respect to residual problems. Be that as it may, I would like to go ahead and try to conclude the case and for this purpose I have been authorized to increase this offer to $11,500. This is, of course, in addition to the medical payments previously advanced and would in effect be the equivalent of a settlement of $20,711.74. I would appreciate your advice as to whether this is acceptable so we can go ahead and conclude the matter.

On August 21, 1990, Shelter's counsel wrote Ms. Hann's counsel as follows:

> This will confirm your conversations with myself, as well as Ed Ewing of this office, regarding settlement of the above matter. To simply confirm same, I have requested settlement drafts payable to Ms. Hann and yourself in the amount of $14,000, $1,000 and $1,000, respectively, for Ms. Hann's claim and that of the two minor children. Of course, as relates to Ms. Hann, this would be in addition to the amount of $9,211.74 heretofore advanced by my client on her behalf, thus generating a total settlement in her case of $23,911.74.

On September 21, 1990, the Circuit Court entered a judgment reading as follows:

> This cause came on to be heard on the 21st day of September, before the Honorable William B. Cain, Judge, holding the Circuit Court for Maury County, Tennessee, at Columbia, upon the Motion for Default Judgment of the plaintiffs against the defendant, Bobby Roy Johnson, and it appearing to the Court that this defendant has been duly served with a copy of the summons and complaint on November 17, 1988; that the defendant has failed to plead or otherwise defend within the time prescribed by law, and it further appearing that there is no just reason to delay entry of judgment against this defendant, in accordance with Rule 54.02, Tennessee Rules of Civil Procedure, and Rule 55, Tennessee Rules of Civil Procedure.
>
> It is, accordingly, ordered, that judgment by default be entered for the plaintiffs against the defendant, Bobby Roy Johnson, and upon the proof introduced in the cause, the plaintiffs are awarded judgment against the defendant, Bobby Roy Johnson, as follows:
>
> (1)  On behalf of Sherrie Marie Hann, judgment is entered in the amount of $23,911.74 for her personal injury and $3,300.00 for property damage.
>
> (2)  On behalf of Angela Wood, by next friend and natural guardian, Sherrie Marie Hann, judgment is entered in the amount of $1,000.00.
>
> (3)  On behalf of Jeremy Wood, by next friend and natural guardian, Sherrie Marie Hann, judgment is entered in the amount of $1,000.00.
>
> It is further ordered that the defendant, Bobby Roy Johnson, shall pay all costs of this cause, and for all of the foregoing execution may issue, if necessary.

The judgment was approved for entry by counsel for Shelter.

On October 17, 1990, the Circuit Court entered the following order:

> This cause came on to be heard upon the motion of the served but unnamed defendant, Shelter Insurance Companies, uninsured motorist carrier for the plaintiff, Sherrie Marie Hann, the Court's examination of said motion, statements of counsel, and it appearing that said motion should be granted, it is accordingly
>
> Ordered that the judgment heretofore entered in this cause on September 21, 1990, be and the same is hereby set aside and vacated pending further orders of the Court in this cause.

The order was approved for entry by counsel for Shelter. The motion mentioned in the order is not included in the record.

On October 17, 1990, Shelter filed in the same Circuit Court case a "Motion to Set Aside Settlement for Leave to File an Amended Answer and Counterclaim." The motion alleged that in late August or early September, "a settlement was reached" as to Ms. Hann's personal injuries providing for payment to her of $23,211.74 for Hann consisting of the $9,211.74 previously paid plus additional cash of $14,000. The motion then alleged the cashing of the $5,000 check and that the ignorance of counsel for both parties of the cashing of the check constituted a mistake of fact justifying a rescission of the settlement agreement and refund of the $14,000 consideration paid. A copy of the $5,000 check is exhibited to the motion and it appears to have been cashed or cleared on September 13, 1988.

The motion concludes:

> Wherefore, movant prays this motion be granted, that the settlement herein be set aside, that movant be allowed to amend its answer to assert the defense of release and accord and satisfaction, and that movant be allowed to file a counter-claim against plaintiff for the sum of $14,000.00, plus interest, and such other relief as to which it might be entitled.

On December 18, 1990, the Circuit Court entered the following order:

> This cause came on to be heard on the 7th day of November, 1990, before the Honorable James L. Weatherford, Judge of the Circuit Court for Maury County, Tennessee, whereupon carrier for defendant, Bobby Roy Johnson, Shelter Insurance Company, moved this Court to set aside settlement and for leave of Court to file an amended answer and counter-claim in this action. After considering the arguments of the attorneys for the respective parties and the briefs submitted in this case, it was determined that defendant's motion was not well-taken and, therefore, denied.

There is no record of any further proceedings in the Circuit Court case which appears to remain undisposed of.

-6-

On January 22, 1991, Shelter filed the present suit in Chancery Court naming Ms.

Hann as defendant, alleging the facts related above and praying:

> 2. That the Court find that a mutual mistake of fact exists
> concerning plaintiff's payment of $5,000.00 to defendant and
> order that defendant reimburse plaintiff in said amount.
>
> 3. That plaintiff recover of defendant all interest on said sum
> from such time as such mutual mistake of fact was discovered
> by counsel for the respective parties in the underlying litigation.
>
> 4. That plaintiff be awarded its attorney's fees in connection
> with this action, plus its costs and litigation taxes occasioned
> hereby.
>
> 5. That plaintiff be awarded such other, further and general
> relief to which it might be entitled.

Ms. Hann answered denying liability for a refund and presenting the following

affirmative defense:

> 15. Defendant would pursuant to T.R.C.P. 8.03, set forth the
> affirmative defense of *res judicata,* relying on the order issuing
> from the Circuit Court of Maury County, Tennessee, upon
> Shelter Insurance Companies' motion to set aside settlement,
> said motion being denied, with such order being in full force
> and effect, thus preventing plaintiff from bringing this claim.

On September 18, 1992, the Chancery Court entered the following order:

> In appearing to the Court from the record in this civil action
> that the plaintiff has not with due diligence prosecuted this civil
> action;
>
> It is, therefore, ordered that this civil action be, and is hereby,
> dismissed, without prejudice.
>
> All cost and litigation taxes are adjudged against the plaintiff,
> and if not paid within thirty (30) days from the entry of this
> order, execution may issue therefore. If all of said costs and
> litigation taxes have not been paid within sixty (60) days after
> the first issuance of execution against the plaintiff the clerk
> may issue an execution against the surety or sureties on the
> plaintiff's cost bond.

On June 23, 1993, Shelter filed in Chancery Court the following motion:

> Comes now the plaintiff, Shelter Insurance Companies, by
> and through counsel, pursuant to Rule 60 T.R.C.P., and
> requests this Honorable Court to reinstate this case and allow
> plaintiff a trial on the merits. Plaintiff informs the Court that

this case was earlier dismissed for lack of prosecution as a result of excusable neglect which Rule 60.02 is aimed at remedying.

On November 24, 1993, the Chancery Court entered the following order:

This cause came on to be heard before the Honorable Jim T. Hamilton, Judge, holding the Chancery Court for Maury County, Tennessee, on the 12th day of November, 1993, upon the plaintiff's motion for reinstatement, defendant's response, the respective memorandums of the parties, argument of counsel, from all of which the Court finds that plaintiff's motion is well taken and should be granted, and it is accordingly,

Ordered that plaintiff's motion to reinstate be, and the same is hereby granted, and this cause shall be placed on the Court's active trial docket.

All other issues are reserved.

The record on appeal does not contain "Defendant's Response, the Respective Memorandums of the Parties (or) Argument of Counsel."

On August 26, 1994, the Chancery Court entered the following judgment:

This cause came on to be heard before the Honorable William B. Cain, Judge, on the 22nd day of June, 1994, upon the complaint, the answer, exhibits thereto, the stipulations of the parties, statements and argument of counsel in open Court, and the entire record in the cause from all of which the Court finds that the allegations of the plaintiff are sustained by the record on the grounds of both mutual mistake and unjust enrichment, that plaintiff is thus entitled to recover judgment against the defendant, Sherry Marie Hann, in the amount of Five Thousand Dollars ($5,000.00), and in accordance with the foregoing, it is accordingly;

Ordered, adjudged and decreed that the plaintiff, Shelter Insurance Companies shall have and recover of the defendant, Sherrie Marie Hann, judgment in the amount of Five Thousand Dollars ($5,000.00) and judgment plus all costs in the cause is hereby entered against the defendant, Sherrie Marie Hann, for which execution may issue if necessary.

Mrs. Hann has appealed from the foregoing judgment and has presented four issues for review, of which the fourth is as follows:

IV.    Whether the trial court erred in setting aside an order of dismissal based upon the ground of excusable neglect.

Defendant's argument to this Court asserts that plaintiff offered no justifiable reason for relief under Rule 60.02, T.R.C.P., citing *Banks v. Dement Construction Co., Inc.,* Tenn. 1991, 817 S.W.2d 16; *Toney v. Mueller Co.,* Tenn. 1991, 810 S.W.2d 145; and *Travis v. City of Murfreesboro,* Tenn. 1985, 686 S.W.2d 68. Each of the cited opinions states the facts relied upon for relief. Two denied relief, and one affirmed the granting of relief. Without a record of the facts and circumstances appearing to the Trial Court from the defendant's response, the memoranda of the parties and the statements of counsel which, according to the order, were presented to the Trial Court, this Court is not in position to review or reverse the discretionary judgment of the Trial Judge.

On appeal, the appellant has the burden of showing that the order was not supported by sufficient facts. Such a showing can be made only by a complete record of what was shown to the Trial Court. Such complete record is not before this Court.

Defendant next argues that plaintiff's motion was not made "within a reasonable time" as required by Rule 60.02. There was a nine month delay from September, 1992, to June, 1993, in filing the motion for relief. Without a record of the facts and circumstances shown to the Trial Court, this Court has no means of adjudging what was reasonable in the present case.

This Court is unable to find the Trial Court in error for setting aside its order of dismissal.

Defendant's third issue is:

III.     Whether the trial court erred in considering as a cause of action an issue that had been previously determined by the Circuit Court for Maury County.

The order of the Circuit Court overruling Shelter's motion to set aside settlement is quoted above.

Shelter responds that the order was not intended by the Trial Judge to be an adjudication on the merits and exhibits to its brief a letter from the Circuit Judge to the Circuit Clerk.

Shelter's brief cites no part of the record evidencing such a letter. It is inconceivable that an attorney admitted to practice in the Courts of this State would expect an appellate court to accord any cognizance to any fact not evidenced by the record certified to this Court by the Trial Court. Such misconception of appellate practice calls for a thorough restudy of the Rules of Appellate Procedure and careful guidance by more knowledgeable co-counsel.

In consideration of the justice of the case, this Court has *sua sponte* ordered and the Trial Clerk has certified a copy of said letter from the records of this case in the Trial Court. Said letter states:

> Re:  Angela and Jeremy Wood b/n/f
>      Sherrie Marie Hann, et al
>                  v.
>      Bobby Roy Johnson
>      Civil Action No. 3487

Dear Mr. Scott:

After considering the arguments of the attorneys, the briefs submitted, and the entire file in this case, I have concluded that the "Motion to Set Aside Judgment" filed by Shelter Insurance Companies should be overruled.

I do not intend to imply that Shelter Insurance Companies would not have a cause of action against Ms. Sherrie Marie Hann to recover the $5,000 that was paid through mistake or inadvertence, but I do not feel that the "Motion to Set Aside" would be the proper procedure to accomplish this.

> I am mailing a copy of this letter to Mr. Hardin and Mr. Davidson with the request that Mr. Davidson prepare an order in accordance with this letter.

The letter is marked filed by the Trial Clerk on December 8, 1990, ten days before the entry of the order overruling Shelter's motion for relief in the Circuit Court case.

This Court has repeatedly warned Trial Judges of the perils of conducting judicial business by letter rather than by formal memorandum filed with the Clerk or order placed on the minutes. Nevertheless, in the present case, the letter of the Circuit Judge filed with the Circuit Clerk will be considered as a formal memorandum. It is unfortunate that counsel did not prepare an order "in accordance with this letter," and it is equally unfortunate that the Circuit Judge saw fit to sign an order that was not "in conformity with this letter."

The motion of Shelter "To Set Aside Settlement" presented to the Circuit Court a matter of equitable cognizance.

Rectifying a mistake is the peculiar province of a court of equity. *Henshaw v. Gunter,* 169 Tenn. 305, 87 S.W.2d 561 (1935); *Reid v. House,* 21 Tenn. (6 Humph.) 576 (1841); *Helm v. Wright,* 21 Tenn. (2 Humph) 72 (1840). In the absence of objection, the Circuit Court might have ruled upon the application for relief or transferred the cause to the Chancery Court (TCA §16-10-111). No reason occurs to this Court why a Circuit Judge would not have the authority to *sua sponte* decline to exercise permissive equity jurisdiction and dismiss an equity suit brought before him. Such a dismissal would not be a dismissal on the merits and would permit an application to the Chancery Court for the same relief.

In the present instance, the Circuit Judge did not dismiss an equity suit; he overruled a motion seeking to add an equity issue to an existing tort lawsuit. In so doing, he rejected an application to amend which addresses itself to his sound discretion. *Wilson v. Ricciardi,* Tenn. App. 1989, 778 S.W.2d 450.

-11-

In the light of the letter/memorandum of the Circuit Judge, this Court has determined that his unfavorable ruling upon the motion of Shelter for relief did not preclude the grant of relief by the Chancery Court in the present case.

No reversible error is found in Ms. Hann's third issue.

Ms. Hann's first issue challenges the finding of mutual mistake of fact in respect to the cashing of the $5,000 check. Unquestionably, Ms. Hann knew the check had been cashed, because she cashed it on September 13, 1988, long before the September 21, 1990, entry of the Circuit Court judgment pursuant to the settlement. The check was cleared and charged to Shelter's bank account long before the entry of said order, hence Shelter had knowledge of the cashing through its records prior to the entry of the judgment.

Thus, it is obvious that the real parties at interest had timely notice of the cashing of the check.

The affidavit of Mrs. Hann's counsel, states:

> . . . 2. As I recall, the settlement discussions during the last week were primarily between myself and Ed Ewing. The $5,000.00 check was never mentioned.
> 3. Early on in this case, I was aware that the $5,000.00 check had, in fact, been negotiated and I so notified the insurance adjuster in a letter dated October 10, 1988. (See attached Exhibit "A"). I also notified Thomas W. Hardin by letter dated January 12, 1989, that my client had negotiated the check. (See Exhibit "B" letters dated November 21, 1988, and January 12, 1989.)
> 4. During the settlement discussions I was relying on the figures being provided to me by the attorney for Shelter Insurance Companies. I was told that they had paid approximately $9,211.74.
> 5. I did not take the time to review my file and make an accounting. I relied on the figures I was being provided with and in all my discussions with my client I was relaying settlement information above and beyond amounts already paid. . . . .
> 7. It was my position as attorney for the plaintiffs that Sherrie Hann was entitled to recover $25,000.00 for bodily injuries and medical bills under the med-pay provision of her

policy. It was never agreed that the maximum amount she could recover for her injuries alone was $25,000.00. I am still of the opinion that the contract allows for bodily injury payments <u>and</u> med-pay both. There was a difference of opinion on both sides as to that issue.

8. It was never my intention to settle the three (3) plaintiffs' cases piecemeal. My position was that it was a package deal for $16,000.00 with $1,000.00 each being allocated for the children.

9. In fairness to Thomas W. Hardin, I am convinced that he was operating under the assumption that the $5,000.00 check had never been cashed.

The affidavit of Shelter's counsel states:

. . . [T]hroughout the entire proceedings involved in this case and in multiple discussions between myself, Shelter Insurance Companies, and the plaintiff's attorney, it was never contemplated or known that the plaintiff had negotiated the $5,000.00 settlement draft dated September 12, 1988. To the contrary, the undersigned as well as counsel for Ms. Hann, were under the impression that said check had not been negotiated since a substantial part of the settlement discussions in this case centered around the applicable amount of Ms. Hann's policy limits, whether stacking of medical payments over and above liability payments was permissible, and at no time was it anticipated that the settlement to be received by Ms. Hann was to exceed the amount of her policy limits, and in fact it was the contemplation of counsel without dispute that the settlement on her behalf totaled $23,211.74, plus an additional $1,000.00 each for the two minor children of the plaintiff which is not in dispute.

It is seen that Mrs. Hann's counsel had knowledge of the cashing of the check "early on in this case" (whenever that was) and that her counsel claims to have notified an adjuster of the cashing on October 10, 1988. However, Ms. Hann's counsel admits that he negotiated the settlement under the mistaken information and belief that Shelter had paid Ms. Hann only $9,211.74. (The amount paid by Shelter was increased to $14,211.74 by the $5,000 check.) Thus, Ms. Hann's counsel negotiated the settlement on her behalf under a mistake of fact as to the total amount Ms. Hann had previously received from Shelter.

It is also seen that the affidavit of Ms. Hann's counsel states that on January 12, 1989, he notified Shelter's counsel that the $5,000 check had been cashed; whereas the affidavit of Shelter's counsel states that during the negotiations between counsel, "it was never

-13-

contemplated or known" that the $5,000 check had been cashed, and that both counsel "were under the impression that said check had not been negotiated."

This narrow difference in the affidavits of counsel represents the only issue of fact appearing in this record. However, this issue need not be determinative of this appeal, for it is undisputed that both counsel negotiated under the impression that Ms. Hann had received only $9,211.74 from Shelter, when she had in fact received $14,211.74.

Under its policy, Shelter had a possible maximum personal injury liability to Ms. Hann of $25,000.00. Under the mistaken impression that Shelter had paid Ms. Hann only $9,211.74, both counsel agreed to settle for an additional $14,000, making a total of $23,211.74, slightly under the $25,000 maximum. The inclusion of the cashed $5,000 check raised the amount received by Ms. Hann to $28,211.74, $3,211.74 more than the maximum policy liability. It is thus obvious that both counsel negotiated and agreed to settlement under a mistake of fact as to the amount Ms. Hann had received, i.e., $9,211.74 instead of $14,211.74.

It is arguable that a mutual mistake of fact of counsel is not ground for relief where the real parties at interest had knowledge of the true fact. However, under the circumstances of this case, this Court is of the opinion and holds that the mutual mistake of counsel was and is good grounds for reform of the settlement agreement.

Ms. Hann's first issue presents no grounds for reversal of the judgment of the Chancery Court.

Ms. Hann's second issue is:

> II.     Whether the doctrine of unjust enrichment is applicable
> where there was a clear, unambiguous, written agreement
> between the parties.

Ms. Hann argues that the doctrine of unjust enrichment does not apply when there is a valid, express agreement between the parties. The argument contains no citation to the part of the record evidencing the "valid, express agreement of the parties." No such written agreement is found in the record. The affidavits of counsel indicate that counsel reached an oral agreement to settle Ms. Hann's personal injuries claim for $23,211.74. The affidavits further show that both counsel were of the impression that Ms. Hann had received only $9,211.74, whereas she had in fact received $14,211.74. In their mistaken belief as to the amount previously paid, counsel agreed that the unpaid balance of the agreed settlement was $14,000.00, and this amount was paid.

The agreement to pay $14,000 and the payment of $14,000 were made under a mutual mistake of fact on the part of both counsel.

Although not expressly so delineated in Shelter's complaint, it's chancery suit against Ms. Hann was a suit to reform the settlement agreement to conform to the intent of the parties, i.e. that Ms. Hann receive $23,211.74 for her personal injuries.

Although not specified in the chancery judgment, its effect was to reform the agreement to provide a supplemental payment of $9,000.00 in order to provide the agreed total of $23,211.74.

Equity will correct a mistake of fact in an agreement. *Cromwell v. Winchester,* 39 Tenn. (2 Head) 389 (1859); *Cahal v. Frierson,* 22 Tenn. (3 Humph.) 411; *Town of McMinnville v. Rhea,* 44 Tenn. App. 612, 316 S.W.2d 46 (1958).

Having reformed the settlement agreement to conform to the intention of the parties, the Trial Court then found a $5,000 overpayment and ordered refund of the same.

Where one of the parties to a settlement mistakenly pays more than the amount agreed on, he may recover the amount of the overpayment. 15A C.J.S. Compromise and Settlement §44, p.273; *Snyder v. Johnson,* Tex. Civ. App. 1953, 256 S.W.2d 898.

Such a recovery is for "money had and received" rather than "unjust enrichment."

The cause is before this Court for review *de novo,* T.R.A.P. Rule 13(d). When reviewing a record *de novo*, this Court is called upon to pass upon the correctness of the result reached in the Trial Court, not necessarily the reasoning employed to reach the result. *Kelly v. Kelly,* Tenn. App. 1972, 494 S.W.2d 130.

The judgment of the Trial Court is affirmed. As a matter of discretion, the costs of this appeal are taxed against the plaintiff-appellee. The cause is remanded to the Trial Court for necessary further proceedings.

Affirmed and Remanded.

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE